**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.  Case No. 3:20-cr-18-J-32JBT

TIMOTHY WADE VERES, III

## O R D E R

On January 27, 2020, a criminal complaint was filed providing probable cause that Defendant Timothy Wade Veres, III knowingly and willfully published a notice seeking a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2251(d)(1)(A). (Doc. 1). Veres was ordered to temporary detention and a detention hearing was scheduled for January 30, 2020. (Doc. 7).

At the detention hearing, the Government proffered that Veres poses a danger to the community and no combination of conditions would reasonably assure the safety of the community. (Doc. 16 at 4–25). Veres, through counsel, argued that there were conditions that could reasonably assure the safety of the community, to include home detention with location monitoring, no internet access, a third-party custodian, and treatment to address depression and anxiety, as well as the other standard conditions of release. Id. at 27–28. Veres then called several witnesses, including his mother, M.N., who Veres proposed

as his third-party custodian. Id. M.N. lives in Yulee and works as a paralegal for the State Attorney's Office in Duval County. Id. at 30–31. M.N.'s other two children live with M.N. at least part time. Id. The older of the two is sixteen and resides with M.N. permanently, whereas the younger of the two is thirteen and splits his time with his father (Veres's step-father). Id. M.N. discussed Veres's ties to the Jacksonville community, that her other two children could reside with her ex-husband, and that she would remove or lock-up any unauthorized items if Veres were released to her custody. Id. at 35–38. The Government then cross-examined M.N., followed by questions from Magistrate Judge Klindt. Id. at 39–47. After hearing argument from the parties, Judge Klindt directed the Pretrial Services Officer to conduct an inspection of M.N.'s home and for the Government to provide additional details of the search on Veres's home. Id. at 56–57.

On February 6, 2020, the parties reconvened to finish the detention hearing. In the meantime, the grand jury had returned a two count indictment charging Veres with enticement of minor to engage in illegal sexual activity in violation of 18 U.S.C. § 2422(b) (Count One) and publishing a notice seeking a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. §§ 2251(d)(1)(A) and (2)(B) (Count Two). (Doc. 11). Although the case had now been assigned to Magistrate Judge Toomey, Judge Klindt agreed to continue handling the detention hearing because of the length of the original

hearing and his familiarity with the case. (Doc. 17 at 2). Judge Klindt then explained why he found M.N. to be an unsuitable third-party custodian and why her residence was also unsatisfactory. Id. at 5–8. Judge Klindt found that M.N. worked full time and was gone for too long each day to adequately supervise Veres. Id. Additionally, he found the home unacceptable because there were too many internet-connected devices, there are several school bus stops near the home, a neighbor had unsecured WiFi, and Veres would be left home with a sixteen-year-old. Id.

A violation of 18 U.S.C. § 2422 results in a rebuttable presumption of detention. 18 U.S.C. § 3142(e)(3). Judge Klindt determined that Veres rebutted the presumption, and found a combination of conditions of release that reasonably assure the safety of any other person and the community. (Doc. 14). However, Judge Klindt also found that Veres has not satisfied these conditions because he has not presented a satisfactory third-party custodian or residence.

On February 13, 2020, the Government filed a Motion to Revoke the Magistrate Judge's Order Setting Conditions of Release. (Doc. 22). On February 18, 2020, Judge Toomey stayed the Order granting conditions of release until the District Judge ruled on the Government's motion. (Doc. 23). Veres responded to the Government's motion, and also moves this Court to find that M.N. and her residence are suitable. (Doc. 24).

### A. The Applicable Law

Under 18 U.S.C. § 3142(e), if, after a hearing, the judicial officer finds that no combination of conditions will reasonably assure the safety of other persons or the community, "such judicial officer shall order the detention of the person before trial." Id. § 3142(e)(1). The statute further provides:

> (3) Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed--
>
> . . . .
>
>     (E) an offense involving a minor victim under section . . . 2422 . . . of this title.

18 U.S.C. § 3142(e) (2018). To trigger the rebuttable presumption, "the government need not make a showing of probable cause independent of the grand jury's indictment." United States v. King, 849 F.2d 485, 488 (11th Cir. 1988).

The presumption only shifts the burden of production to the defendant, the burden of persuasion—proving by clear and convincing evidence that no combination of conditions will ensure the safety of community—remains with the government. Id. at 488. To rebut the presumption, the defendant must present some "quantum" of evidence to show he is not a danger to the community. United States v. Hurtado, 779 F.2d 1467, 1470 n.4, 1479 (11th Cir. 1985). If the defendant presents evidence sufficient to rebut the statutory

4

presumption of detention, it is not erased but becomes "an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in section 3142(g)." King, 849 F.2d at 488 (alteration adopted) (quotation marks omitted) (quoting United States v. Portes, 786 F.2d 758, 764 (7th Cir. 1985)).

To determine "whether the defendant has successfully rebutted the presumption created in subsection (e), the judicial officer is directed to the four-part catechism of subsection (g)." Hurtado, 779 F.2d at 1479. Subsection 3142(g) requires the judicial officer to consider: (1) the nature and circumstances of the offense charged, including whether the offense involves a minor victim; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. § 3142(g); see also United States v. Carbajal Barraza, No. 6:17-cr-194-Orl-37GJK, 2017 WL 6270085, at *1 (M.D. Fla. Dec. 8, 2017). After applying these factors, a finding that the defendant is a danger to the community is sufficient to detain the defendant pending trial. King, 849 F.2d at 488.

"If a person is ordered released by a magistrate judge, . . . the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of

release . . . . The motion shall be determined promptly." 18 U.S.C. § 3145(a) (2018). In reviewing a magistrate judge's pretrial detention order, the district court must conduct an independent, or de novo, review of the case. King, 849 F.2d at 489 (citing Hurtado, 779 F.2d at 1480). This does not require the district court to conduct its own hearing; rather "de novo review only requires the court to exercise <u>independent consideration</u> of all facts properly before it . . . ." Id. at 490 (alterations adopted) (quotation marks omitted) (quoting United States v. Gaviria, 828 F.2d 667, 670 (11th Cir. 1987)).

After conducting an independent review, the district court has two options. Id.

> First, based solely on a careful review of the pleadings and the evidence developed at the magistrate[ judge's] detention hearing, the district court may determine that the magistrate[ judge's] factual findings are supported and that the magistrate[ judge's] legal conclusions are correct. The court may then explicitly adopt the magistrate[ judge's] . . . order.

Id. If the district court adopts the magistrate judge's order, it is not required to prepare its own findings of fact and statement of reasons. Id.

If, after its independent review, the district court "determines that additional evidence is necessary or that factual issues remain unresolved, the court may conduct an evidentiary hearing for these purposes." Id. In this second option, the district court must provide its own written findings of fact and legal conclusions, specifying the sections of the magistrate judge's detention order

which are incorrect or unsupported by the record. Id. at 490–91. If such additional evidence does not affect the validity of the magistrate judge's factual findings and legal conclusions, the district court "may state the reasons therefor and then explicitly adopt the magistrate[ judge's] pretrial detention order." Id. at 491.

**B. Discussion**

The Government contends that Judge Klindt erred in denying its motion for detention. (Doc. 22 at 13). The Government argues that Judge Klindt found that only the third § 3142(g) factor supported release, whereas the other three factors favored detention, and therefore Veres should be detained. (Doc. 22 at 13). However, Judge Klindt correctly found that §§ 3142(g)(3) and (4) support release. (Doc. 17 at 15–16, 25–26). Although Veres has not presented a suitable residence and third-party custodian, such a place and person would limit his danger to the community. See § 3142(g)(4). Additionally, his family ties to the Jacksonville community, his lack of a criminal record or apparent drug use, and his past employment, all support Veres's release under the stringent conditions set by Judge Klindt, which included home detention with location monitoring. See § 3142(g)(3). The Government is correct that subsections (g)(1) and (g)(2) could be said to favor detention. However, overall, the "four-part catechism of" § 3142(g), supports Judge Klindt's release decision. Hurtado, 779 F.2d at 1479. Having conducted a de novo review, the Court finds that the Government, even

with the evidentiary aid of the rebuttable presumption, has failed to show by a preponderance of the evidence that Veres's risk of flight or non-appearance cannot be overcome by conditions of release under 18 U.S.C. § 3142. The Government has also failed to show by clear and convincing evidence that no combination of conditions will ensure the safety of the community.[1]

Veres asserts that Judge Klindt erred in finding M.N. and her residence unacceptable as a custodian and place of confinement. (Doc. 24 at 7–8). However, Judge Klindt's analysis and conclusion in this regard was also correct. To reasonably protect any individual and the community, Veres would need a custodian who could more closely supervise him, as well as a residence with more restricted internet access.

Accordingly, after an independent de novo review of the case, it is hereby

**ORDERED:**

1. The Court **ADOPTS** the Magistrate Judge's Order Setting Conditions of Release, (Doc. 14), as the Order of the Court.

2. The Government's Motion for Revocation of Magistrate Judge's Order Setting Conditions of Release, (Doc. 22), is **DENIED**.

---

[1] The Court acknowledges that Veres is charged with a serious crime with a serious potential penalty, carrying with it a rebuttable presumption that he should be detained pretrial. However, each case must be judged individually. Reviewing Judge Klindt's decision, de novo, the Court finds his order of release with strict conditions appropriate.

3. Defendant Timothy Wade Veres, III's Cross-Motion for Entry of an Order Granting Pre-Trial Release, (Doc. 24), is **DENIED**. Until Veres satisfies all conditions of Judge Klindt's Order Setting Conditions of Release, he will remain detained pretrial.

**DONE AND ORDERED** in Jacksonville, Florida this 4th day of March, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

jb
Copies:

The Honorable James R. Klindt
United States Magistrate Judge

The Honorable Joel B. Toomey
United States Magistrate Judge

Counsel of record
U.S. Probation
U.S. Pretrial Services
U.S. Marshals Service
Defendant